IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Gas POS, Inc. | ) | CASE NO. 26-00362-DSC |
| | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR AUTHORITY TO MAINTAIN EXISTING PREPETITION BANK ACCOUNTS**

COMES NOW Gas POS, LLC, as debtor and debtor-in-possession in the above-styled Chapter 11 case (collectively, the "Debtor"), and hereby move this Court (the "Motion") for entry of an order authorizing the Debtor to maintain its existing prepetition bank account, pursuant to 11 U.S.C. §§ 105(a), 363(c), 1107, and 1108, and in support thereof state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 363(c), 1107, and 1108.

**BACKGROUND**

3. On February 2, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

4. The Debtor continues to operate and manage their financial affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee, examiner, or official committee of creditors has been appointed in this case.

5. Prior to the Petition Date and continuing thereafter in the ordinary course of its financial affairs, the Debtor has maintained an established deposit account at Union Bank ending in 1729, the "Bank Account").

6. The Debtor's customers have electronic deposits and ACH relationships with the established Bank Account.

7. The Bank Account constitutes a reliable and convenient source of deposit funds for approximately 200 customers who make modest monthly deposits the Debtors rely to pay their ordinary and necessary expenses and to fund its obligations in this Chapter 11 case.

## RELIEF REQUESTED

8. By this Motion, the Debtor respectfully request entry of an order authorizing, but not directing, the Debtor to maintain and continue to use the Bank Account in the ordinary course, without interruption and in the usual manner, notwithstanding any requirement that a debtor-in-possession close its prepetition bank accounts and open new debtor-in-possession accounts.

## BASIS FOR RELIEF

9. The operating requirements applicable to Chapter 11 debtors in this District generally direct a debtor-in-possession to close all prepetition bank accounts as of the Petition Date and to open new debtor-in-possession accounts. Cause exists, however, to authorize the Debtors to maintain the existing Bank Accounts.

10. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Section 363(c)(1) authorizes a debtor-in-possession to use property of the estate in the ordinary course without notice or a hearing. Together, these provisions authorize the relief requested herein.

11. The Debtor has sought unsuccessfully to identify new banking relationships that would not be burdensome and time-consuming and result in a lapse, delay, or interruption of the Debtor's business operations.

12. Requiring the Debtor to close the Bank Account and open new accounts would disrupt the Debtor's operations, create needless expense and delay, and jeopardize the Debtor's ability to meet its expenses; all to the detriment of the Debtor, the estate, and creditors.

13. To address the concerns underlying the ordinary requirement that prepetition accounts be closed, the Debtors will:

a. treat and maintain the Bank Account as a debtor-in-possession accounts and request that Union Bank designate the Bank Account as debtor-in-possession account;

b. maintain accurate and complete records of all transactions in the Bank Account and make such records available to the Bankruptcy Administrator upon request;

c. not pay any prepetition debt from the Bank Account except as authorized by order of this Court; and

d. otherwise comply with all applicable operating requirements and reporting obligations of a debtor-in-possession.

14. The relief requested is narrow, will preserve the status quo, and will avoid needless disruption to the Debtor's operations. No party in interest will be prejudiced by the relief requested, and the relief is in the best interests of the Debtor, the estate, and creditors.

WHEREFORE, the Debtor respectfully request that this Court enter an order (i) authorizing the Debtor to maintain and continue to use its existing prepetition bank account. and (ii) granting the Debtor such other and further relief as is just and proper.

DATED this 17th day of August, 2026.

Respectfully submitted,

*/s/ R. Scott Williams*

*R. Scott Williams*
*Frederick D. Clarke, III*
*Counsel for Gas POS, Inc.*

Of Counsel:
Rumberger, Kirk, & Caldwell, P.C.
Renasant Place
2001 Park Place, Suite 1300
Birmingham, Alabama 35203
Telephone: 205.327.5550
Fax: 205.326.6786
E-mail: swilliams@rumberger.com
E-mail: fclarke@rumberger.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, a true and correct copy of the foregoing document was served and furnished electronically to all parties registered to receive service through CM/ECF listed on the Notice of Electronic Filing.

*/s/ R. Scott Williams*

R. Scott Williams