**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **BANKRUPTCY CASE NO.** |
| | ) | |
| **GAS POS, INC.** | ) | **26-00362-DSC11** |
| | ) | |
| **DEBTOR.** | ) | **CHAPTER 11** |

**OBJECTION TO MOTION FOR ORDER ESTABLISHING BIDDING PROCEDURES AND AUTHORZING THE SALE OF PROPERTY**

**COMES NOW** the United States Bankruptcy Administrator for the Northern District of Alabama (the "BA"), by and through the undersigned counsel of record, and hereby files this Objection to the Debtor's Motion for Order Establishing Bidding Procedures and Authorizing the Sale of Property ("Sale Motion")(Doc 83). In support thereof, the BA states as follows:

1. The Court set the Sale Motion for hearing on December 1, 2026 and ordered the Debtor to "provide notice of the Sale Motion to all creditors, parties in interest, and other entities who may reasonably claim an interest in the assets included in the proposed sale. (Doc. 83.) Debtor's counsel shall also file a certificate of service with the Court indicating the recipients served." (Doc. 89).

2. Upon information and belief, the Debtor is working to collect additional information for the Sale Motion.

3. To date, a certificate of service has not been filed confirming the Sale Motion has been noticed and served per the Court's Order. (Doc. 89).

4. Unless the Court orders otherwise, Creditors are to be provided 21-day notice of a proposal to sell property of the estate other than in the ordinary course of business. Fed. R. Bankr. Proc. 2002(a)(2).

5. Said notice to creditors of a proposed sale must include a general description of the property, time and place of any public sale, terms and conditions of any private sale and time to file objections. Fed. R. Bankr. Proc. 2002(c)(1).

6. The Sale Motion must be served in accordance with Fed. R. Bankr. Proc. 9014 on parties with liens or other interests in the property to be sold free and clear of liens and provided notice of the date of the hearing and time to file and serve an objection. Fed. R. Bankr. Proc. 6004(c).

7. Absent compliance with the Court's Order (Doc. 89), Rule 2002 and Rule 6004 of the Federal Rules of Bankruptcy Procedure, the consideration of the merits of the Sale Motion is not ripe.

8. The Sale Motion does not identify the creditors or parties that have a lien or interest in the property to be sold.

9. The Sale Motion does not articulate the specific subsection of 11 U.S.C. § 363(f) that permits the sale free and clear of liens.

10. The Sale Motion includes factual assertions which are not supported by any evidence in the record. An affidavit, at a minimum, is needed to support the factual assertions made in the Sale Motion.

11. Unless the Court orders otherwise, sale proceeds in excess of $250,000.00 must be held in a bank account collateralized as required by the Operating Order (Doc. 5, ¶E).

12. The BA reserves the right to supplement this Objection as necessary.

**WHEREFORE, PREMISES CONSIDERED,** the BA moves this Court to sustain this Objection and deny approval of the Sale Motion without prejudice.

Respectfully submitted this the 24th day of November 2026.

*/s/ Robert J. Landry, III*
Assistant U.S. Bankruptcy Administrator
Bar ID No. ASB-3091-L55R
robert_landry@alnba.uscourts.gov

OF COUNSEL:
United States Bankruptcy Administrator
1100 Gurnee Avenue
Anniston, Alabama 36201
(256) 741-1540

## CERTIFICATE OF SERVICE

This is to certify that on November 24, 2026 I served a copy of the foregoing Motion on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with the Court's Administrative Procedures.

Frederick Darrell Clarke, III
Email: fclarke@rumberger.com

R. Scott Williams
Email: swilliams@rumberger.com

*/s/ Robert J. Landry, III*